No. 20,280.

THE CORN PRODUCTS REFINING COMPANY, *Appellee,* v. V. C.
EDDY et al., *Appellants.*

SYLLABUS BY THE COURT.

DRUGS AND FOODS—*Sales—Compound Table Syrup—Misbranding—Injunction.* An injunction will not lie to restrain the state board of health from seeking to prevent, by legal means, the sale of a compound table syrup under the name "Mary Jane," where the label does not show the place of manufacture or production, and where it is not plainly stated on the package in which the syrup is offered for sale that it is a compound.

Appeal from Shawnee district court, division No. 2; GEORGE H. WHITCOMB, judge. Opinion filed November 11, 1916. Reversed.

*S. M. Brewster,* attorney-general, *S. N. Hawkes,* and *John L. Hunt,* assistants attorney-general, for the appellants.

*R. W. Blair, C. A. Magaw,* and *T. M. Lillard,* all of Topeka, for the appellee.

The opinion of the court was delivered by

MARSHALL, J.: The defendants appeal from a judgment enjoining them from interfering with the sale of "Mary Jane," a product manufactured by the plaintiff, and from attempting to compel the plaintiff to label "Mary Jane" a compound.

The plaintiff is engaged at Granite City and Argo, Ill., in the manufacture of a table syrup composed of eighty-five per cent corn syrup or glucose, ten per cent molasses and five per cent sorghum. This syrup is sold under the name "Mary Jane" in cans labeled as follows:

"5 Pounds                                        Net Weight
MARY JANE
Reg. U S Pat. Off.
MARY JANE                          MARY JANE.
is guaranteed by Corn             A Table Syrup
Products Refining Co. to           Prepared from
comply with the Food and           Corn Syrup,
Drugs Act, June 30, 1906.           Molasses and
Registered under serial          Pure Country Sorghum.
number 2317.                  Contains Sulphur Dioxide.
M'f'd by
CORN PRODUCTS REFINING CO.
General Offices—New York, U. S. A."

The defendants constitute the Kansas state board of health. They contend that Mary Jane is misbranded in several particulars. Two of these dispose of this case. The defendants claim that "Mary Jane" is a compound, and that it is misbranded because the place of its manufacture or production is not shown, and because it is not specifically stated that "Mary Jane" is a compound. The defendants, through inspectors acting under the direction of defendant S. J. Crumbine, the secretary of the board, have notified the plaintiff's agents and representatives that "Mary Jane" is misbranded; that it is unlawful to sell it in Kansas as it is branded, and that those who sell it will be prosecuted.

Does the law require that this label shall contain a statement showing the place where "Mary Jane" is manufactured or produced? Part of section 3082 of the General Statutes of 1909 reads:

"Provided, That an article of food which does not contain any added poisonous or deleterious ingredients shall not be deemed to be adulterated or misbranded in the following cases: First, in the case of mixtures or compounds which may be now or from time to time hereafter known as articles of food, under their own distinctive names, and not an imitation of or offered for sale under the distinctive name of another article, if the name be accompanied on the same label or brand with the statement of the place where said article has been manufactured or produced."

The defendants contend that "Mary Jane" is not a distinctive name for the article sold. It is not necessary to pass on that question at this time. We will assume, for the purposes of discussing the question now under consideration, that "Mary Jane" is a distinctive name and that the article sold thereunder is a mixture or compound, and is not an imitation of, or offered for sale under the distinctive name of, any other article. The label then, so far as the provisions are concerned, complies with the law; but the label contains no statement of the place where "Mary Jane" is manufactured or produced. The statute requires that this be shown, and the label does not conform to the statute unless it is shown.

Is it necessary that the word "compound" appear in the label? The statute covering this question reads:

"Second, in the case of articles labeled, branded or tagged so as to plainly indicate that they are compounds, imitations or blends, and the

word 'compound,' 'imitation,' or 'blend,' as the case may be, is plainly stated on the package in which it is offered for sale." (Gen. Stat. 1909, § 3082.)

The statement on the label showing the ingredients from which "Mary Jane" is manufactured apparently indicates that it is a compound table syrup. However, it is not plainly stated that it is a compound. So far as this label shows, the process of manufacture may be such that the article produced is an entirely new product manufactured from, and not one composed of, corn syrup, molasses and sorghum. The label says that "Mary Jane" is "prepared from corn syrup, molasses and pure country sorghum," but "prepared from" does not necessarily mean "composed of" these ingredients. If "Mary Jane" is a compound, and the evidence shows that it is, the labels on the cans in which it is offered for sale should plainly state that fact.

So long as neither of these provisions of the statute has been complied with, an injunction should not issue against the board of health to restrain it from using all legal means for the enforcement of the law.

It is not necessary to discuss the other questions presented by the defendants. The judgment of the district court is reversed and that court is directed to enter judgment for the defendants.

DAWSON, J., not sitting.